IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20775
Summary Calendar
_____


VARSHA SHAH, M.D.,

                                        Plaintiff-Appellant,

versus

THE UNIVERSITY OF TEXAS SYSTEM,
MEDICAL FOUNDATION; THE UNIVERSITY
OF TEXAS HEALTH SCIENCE CENTER,
AT HOUSTON MEDICAL SCHOOL;
SAN JACINTO METHODIST HOSPITAL;
MADELYN POLLOCK, M.D. Program
Director; HAMILTON W. KILPATRICK, M.D.,
Chairman of Family Practice Program;
DAN GANZHORN, M.D.,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CV-1150
- - - - - - - - - -
August 7, 1998
Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Varsha Shah appeals the district court's opinions and orders
granting summary judgment to defendants on Shah's claims that the
defendants canceled her third-year medical residency contract and
subsequently terminated her from a medical residency program

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

without due process of law in violation of 42 U.S.C. § 1983. Shah also claims that the actions were in retaliation for her exercise of rights under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et. seq.

Shah did not bring a § 1983 claim against the state defendants -- University of Texas System, Medical Foundation (UTSF) or the University of Texas Health Science Center, at Houston Medical School (UTHS). Shah's § 1983 claim against the remaining private defendants fails for lack of state action. See Wong v. Stripling, 881 F.2d 200 (5th Cir. 1989); Albright v. Longview Police Dept., 884 F.2d 835, 838 (5th Cir. 1989).

Shah's FMLA claims fail. Assuming, arguendo, that the state defendants could be held liable under a theory of respondeat superior and that Shah could make out a prima facie case of violation of the FMLA, Shah has failed to present competent summary judgment evidence showing that the defendants' stated reason for dismissing her was pretextual. See Hypes on Behalf of Hypes v. First Commerce Corp., 134 F.3d 721 (5th Cir. 1998), (citing Oswalt v. Sara Lee Corp., 889 F. Supp. 253, 259 (N.D. Miss. 1995)(applying McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)); cf. Walton v. Bisco Industries, Inc., 119 F.3d 368, 371 (5th Cir. 1997) (Title VII case); Ross v. University of Texas at San Antonio, 139 F.3d 521, 526-27 (5th Cir. 1998)(AEDA case).

AFFIRMED.